# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO RUIZ,<br><br>　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | CASE NO. 09 CV 2882 JM<br>CRIM NO. 07 CR 2965 JM<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>Doc. No. 27 |

Petitioner Ricardo Ruiz ("Petitioner") moves the court pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence. (Doc. No. 27). Respondent United States of America (the "government") filed an opposition under seal. (Doc. Nos. 32, 33). Petitioner filed a reply. (Doc. No. 35). The court finds this matter appropriate for disposition without oral argument. *See* CivLR 7.1(d)(1). For the following reasons, the court hereby DENIES Petitioner's motion for a reduction of his sentence.

**I.　BACKGROUND**

On October 2, 2007, Petitioner was charged with one count of importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. Petitioner entered a plea agreement with the government, and was sentenced to 120 months imprisonment. (Doc. No. 23). Petitioner's plea agreement provides,

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the court imposes a custodial sentence above the greater of the high end of the guideline range

>recommended by the Government pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is no in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

(Doc. No. 33, Ex. 3).

## II.   LEGAL STANDARD

>The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 29 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

## III.   DISCUSSION

Petitioner has waived his right to collaterally attack his sentence pursuant to 18 U.S.C. § 3582(c)(2). Statutory rights—like those provided by section 3582—can be knowingly and voluntarily waived. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Petitioner knowingly and voluntarily signed a plea agreement that waived, "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence." As section 3582 is a collateral attack on his sentence, Petitioner has waived his right to bring this challenge.

Even if Petitioner had not waived his right to collaterally attack his sentence, section 3582 provides no basis for relief. Section 3582 provides for the modification of a prison sentence following a change in the in the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). Petitioner has not identified any change in the Sentencing Guidelines that apply to his sentence. Indeed, the court is unaware of any changes that may be relevant to Petitioner's sentence. Therefore, section 3582 relief is inappropriate.

Even if the court construes the petition liberally—and considers it a petition pursuant to 28 U.S.C. § 2555—Petitioner is still not entitled to relief. Section 2255 allows a court to set aside or modify a sentence that is "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). For the reasons state above, however, Petitioner has waived his right to collaterally

attack his sentence.  In addition, Section 2255 petitions are subject to a one-year statute of limitations. 29 U.S.C. § 2255(f).  The court entered judgment against Petitioner on June 5, 2008.  Petitioner filed this motion more than one year later on December 22, 2009.  Petitioner's claim is therefore time-barred.

Finally, Petitioner is simply not eligible for relief he seeks.  Petitioner is not eligible for a safety valve adjustment because Petitioner had more than one criminal history point.  *See* 18 U.S.C. § 3553(f)(1); USSG § 5C1.2(a)(1).  Petitioner is not entitled to a downward departure for "substantial assistance to authorities" because the government never made a motion for it.  *See* USSG § 5K1.1. Petitioner is not eligible for a minor participant role adjustment because he knowingly imported a substantial amount of narcotics for financial gain.  *See United States v. Davis*, 36 F.3d 1424, 1436-37 (9th Cir. 1994).  In short, Petitioner has no grounds for relief.

**IV.    CONCLUSION**

For the foregoing reasons, the court hereby DENIES Petitioner's motion to reduce his sentence.  The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

DATED: March 18, 2010

_____
Hon. Jeffrey T. Miller
United States District Judge